**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALTUS GARDNER,

      Plaintiff-Appellant,

v.

SEARS HOLDINGS CORPORATION;
KMART; KMART HOLDING
CORPORATION; KMART
MANAGEMENT CORPORATION;
KMART CORPORATION,

      Defendants-Appellees,

and

JOHN DOE, sued as John Does 1-5,

      Defendant.

No. 10-5017
(D.C. No. 4:08-CV-00646-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Altus Gardner filed a civil rights complaint against the defendant companies asserting federal claims for race discrimination, age discrimination, and retaliation, as well as various state employment law claims. The district court granted summary judgment in favor of all defendants on all claims.[1] Mr. Gardner now appeals from the district court's decision.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I.

The district court provided a thorough summary of the facts, and we need not restate them in detail here. Mr. Gardner is a black male who was hired by Kmart Corporation as a manager trainee in 1976. He was promoted to store manager in 2004. After his store received a series of negative reviews, Mr. Gardner resigned from his position at Kmart in February 2007. He was fifty-seven years old at the time of his resignation.

In June 2007, Mr. Gardner filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), asserting that he was discriminated against on the basis of race and age, constructively discharged, subjected to a hostile work environment, and retaliated against for participating in

---

[1]    Kmart Corporation moved for summary judgment on the merits. All of the other defendants adopted the arguments of Kmart as to the merits but also moved for summary judgment based on their contention that they were not properly named as defendants. Because the district court granted summary judgment on the merits in favor of all defendants, it concluded that the issue as to who was properly named as a defendant was moot.

protected activity. He received a right-to-sue letter from the EEOC in February 2008. He originally filed this action in state court, but it was subsequently removed to federal court.

## II.

Before we discuss the merits of Mr. Gardner's claims, we must address our jurisdiction. Appellees dispute that we have jurisdiction to consider this appeal, asserting that Mr. Gardner's notice of appeal was not timely filed. The district court entered judgment in favor of defendants on January 5, 2010. Mr. Gardner's notice of appeal was due on February 4, 2010, but he did not file his notice until February 16.

On March 5, he filed a motion for an extension of time to file his appeal, which the district court granted. *See* 28 U.S.C. § 2107(c) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."); Fed. R. App. P. 4(a)(5)(A) (same). The district court's order validated the earlier notice of appeal. *See Hinton v. City of Elwood*, 997 F.2d 774, 778 (10th Cir. 1993) ("[W]e believe that Rule 4(a)(5) permits the district court's approval of a timely motion to extend to validate a prior notice of appeal.").

Accordingly, we conclude we have jurisdiction to consider this appeal.

III.

Mr. Gardner alleged that his employer discriminated against him by subjecting him to a barrage of reprimands, creating a hostile work environment and constructively discharging him. These allegations all arose out of the negative reviews of his store from September 2006 to February 2007.

The district court first addressed Mr. Gardner's race discrimination claim, which it considered in three parts: disparate treatment, constructive discharge, and hostile work environment. The district court concluded that Mr. Gardner had not established a prima facie case of discrimination because he had failed to show that he was treated differently than other similarly situated employees. The district court further determined that, even if Mr. Gardner had established his prima facie case, Kmart had established legitimate, non-discriminatory reasons for reprimanding Mr. Gardner by documenting the poor conditions of his store and the complaints of his employees, and Mr. Gardner had failed to show those reasons were pretextual. The district court concluded that Mr. Gardner's constructive discharge claim failed for similar reasons. Finally, the district court determined that Mr. Gardner had failed to show that he had been subjected to a hostile work environment.

With respect to Mr. Gardner's age discrimination claim, the district court concluded that Mr. Gardner had failed to establish a prima facie case because he had not presented evidence to create a genuine issue of fact on the second

element, which requires a showing that he was performing satisfactory work. The district court further determined that, even if Mr. Gardner had met his prima facie case, he would not prevail on his age discrimination claim because he had failed to show that Kmart's non-discriminatory reasons for its actions were pretextual.

As for his retaliation claim, Mr. Gardner alleged he was told by Kmart management that the negative reviews of his store would cease if he fired certain older workers at the store. He contends Kmart retaliated against him for refusing to fire the older employees by continuing to give him negative reviews and constructively discharging him. The district court concluded that Mr. Gardner had not set forth a strong prima facie case, but assuming that it was sufficient, the district court proceeded to consider Kmart's proffered reasons for its actions. As with the race and age claims, the district court concluded that Kmart had set forth legitimate, non-discriminatory reasons for its actions: namely, Mr. Gardner's performance problems. As the district court noted: "The record shows that [Mr. Gardner] was given numerous directives to improve his performance because his store was not meeting established standards." R. Vol. 2 at 209. The district court further explained that Mr. Gardner had again failed to provide any evidence to suggest that Kmart's proffered reasons were unworthy of belief.

Next, the district court considered Mr. Gardner's claim that he was discharged in violation of Oklahoma public policy based on the Oklahoma Anti-Discrimination Act (OADA). As the district court explained, the OADA

does not provide a private right of action for any protected group other than victims of handicap discrimination, but it can serve as a statutory basis for a common-law tort claim by an at-will employee who was constructively discharged in violation of pubic policy. *See Burk v. K-Mart Corp.*, 770 P.2d 24, 28-29 (Okla. 1989). The district court concluded, however, that because all of Mr. Gardner's federal discrimination and retaliation claims failed as a matter of law, "it would be inconsistent for [Mr. Gardner] to be allowed to proceed on a *Burk* tort claim when he is not permitted to proceed to trial on federal statutory claims based upon the same underlying facts and policies." *Id.* at 212-13.

Finally, the district court considered Mr. Gardner's claim for negligent supervision, which requires a finding that the actions of his supervisors caused him harm. Mr. Gardner alleged that Kmart was liable under this theory because certain individuals at Kmart discriminated and retaliated against him by issuing, or causing others to issue, the negative evaluations, notices and performance plans that led to his resignation or alleged constructive discharge. But the district court concluded that "[s]ince the Court has found that Defendants are entitled to summary judgment on all of [Mr. Gardner's] underlying claims that Defendants discriminated and retaliated against him, Defendants may not be found liable based on the hiring, supervision, or retention of the individuals who allegedly harmed [him]." *Id.* at 214.

IV.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* (quotation omitted).

Mr. Gardner was represented by counsel in the district court, but he is proceeding pro se on appeal. Liberally construing his pro se briefs, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), Mr. Gardner challenges the district court's decision based on his contention that there are material facts in dispute regarding his performance and the circumstances surrounding his retaliation, race discrimination, and age discrimination claims. Having reviewed the briefs, the record, and the applicable law, we conclude that Mr. Gardner has not shown any reversible error.

We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in the district court's order dated January 5, 2010.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge